Filed 2/4/25  P. v. Williams CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D074098 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD268493) |
| JERIMIAH IRA WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth So, Judge.  Remanded for resentencing.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel J. Hilton and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

This is our second appeal involving defendant Jerimiah Ira Williams. In 2018, the trial court sentenced him to an indeterminate term of 100 years to life plus a determinate sentence of 86 years two months for One Strike offenses (Pen. Code, § 667.61),[2] after a jury convicted him of 13 counts involving victims Jane Does 1 and 2. In affirming the judgment in the published portion of our opinion (*People v. Williams* (2020) 47 Cal.App.5th 475, 493), we rejected Williams' argument that his equal protection rights were violated because he is statutorily ineligible for a youth parole hearing pursuant to section 3051, subdivision (h) as a result of being a One-Strike offender.

The Supreme Court granted review, limited to the equal protection question. It recently issued its decision rejecting Williams' equal protection challenge. (*People v. Williams* (2024) 17 Cal.5th 99.) In remanding, the *Williams* court directed us "to consider any briefing on defendant's entitlement to the benefit of any ameliorative legislation enacted during the pendency of his appeal." (*Id.* at p. 138.)

Williams has submitted a supplemental brief arguing his case is not yet final and he is entitled to a full resentencing based on several statutory changes that may affect his determinate sentence. He further argues that at resentencing he is entitled to object to the previously imposed fees, fines, and assessments because he did not have an ability-to-pay hearing.

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] Unless otherwise indicated, all further statutory references are to the Penal Code.

The People in their supplemental brief concede that Williams is entitled to resentencing. The People, however, disagree that on remand he can challenge the fees, fines, and assessments, arguing the law-of-the-case doctrine precludes that review based on our earlier treatment of that issue.

DISCUSSION

We agree with the parties that Williams is entitled to a full resentencing, as his case is not yet final and while his appeal was pending there have been various changes in the determinate sentencing laws that *may*[3] apply to him. (*In re Estrada* (1965) 63 Cal.2d 740, 745 [when ameliorative legislation goes into effect, we generally presume the Legislature intends the benefits of the new enactment to apply as broadly as constitutionally permissible to all nonfinal cases]; *People v. Esquivel* (2021) 11 Cal.5th 671, 679 [the test for finality is "whether the criminal prosecution or proceeding *as a whole* is complete" (italics added)].)

In addition, we conclude that at resentencing the trial court may reconsider the fees, fines, and assessments it previously imposed. We note the decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164, which held that a sentencing court should consider a criminal defendant's ability to pay, was decided *after* Williams' sentencing; and the issue of whether a court must consider a defendant's ability to pay is currently pending before the Supreme Court. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

---

3    We say "may" because we express no opinion as to how the trial court should exercise its discretion in resentencing Williams.

3

In reaching our decision, we conclude the law-of-the-case doctrine is inapplicable because the "primary purpose" served by the doctrine is to promote "judicial economy." (*Searle v. Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 435.) Here, that purpose is not subverted given that Williams is entitled to a full resentencing. Because the trial court never considered Williams' ability to pay, we conclude the better practice — one that actually promotes judicial economy — is to allow him to challenge the fees, fines, and assessments on remand. (*Ibid.*)

Finally, the $154 criminal justice administration fee imposed under former Government section 29550.1 is no longer valid. (Gov. Code, § 6111, subd. (a) [as of July 1, 2021, the unpaid balance of this fee is deemed "unenforceable and uncollectible"].) Williams therefore is entitled to the vacatur of that portion of the criminal justice administration fee. (*People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953.)

## DISPOSITION

We vacate (1) the sentence of Williams and remand to allow for a full resentencing based on any ameliorative legislation enacted during the pendency of his appeal; and (2) the portion of the criminal justice administration fee imposed pursuant to former Government Code section 29550.1 that remains unpaid as of July 1, 2021.

Upon completion of resentencing, the court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

KELETY, J.

WE CONCUR:


HUFFMAN, Acting P. J.


CASTILLO, J.